IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL D. MOSS,   Civil No. 05-792-AA
                                    O R D E R
    Plaintiff,

  vs.

INTERNAL REVENUE SERVICE,

    Defendant.

AIKEN, Judge:

    Defendant United States' Motion to Dismiss (doc. 6) is granted.

    Plaintiff, pro se, filed this complaint against the Internal Revenue Service (IRS) on June 2, 2005, requesting a "refund for excess taxes paid." Specifically, plaintiff filed a Class Action "on behalf of taxpayers who have overpaid their taxes under the Alternative Minimum Tax [AMT] provision of the IRS Code. Complaint, ¶ 1. On July 11, 2005, this court denied class action certification for this lawsuit with leave to renew until after the defendant had filed an Answer. See Order (doc. 5).

    On August 1, 2005, defendant moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff did not file any opposition to this

1 - ORDER

motion. For a court to maintain subject matter jurisdiction over a tax refund suit, a taxpayer must satisfy certain jurisdictional prerequisites. First, a taxpayer must have "fully paid" the tax for which a refund is sought. Flora v. United States, 357 U.S. 63 (1958). Second, the taxpayer must have filed a proper and timely claim for refund with the IRS, in accordance with 26 U.S.C. § 7422(a)(2). Finally, the taxpayer's claim for refund must either have been rejected by the IRS or not have been acted upon by the IRS for six months. 26 U.S.C. § 6532(a)(1).

The complaint at bar fails to allege any jurisdictional prerequisites for either plaintiff's potential class action or regarding any individual claim plaintiff may assert as to alleged excess AMT payments he made in the tax year 2002. First, the complaint fails to allege that any potential plaintiff has fully paid whatever tax liability is at issue for which the refund is sought. Second, the complaint fails to allege that any potential plaintiff filed a proper and timely claim for refund with the IRS for whatever tax liability might be at issue. Finally, the complaint fails to allege that a claim for refund filed with the IRS by any potential plaintiff has either been rejected by the IRS or has not been acted upon by the IRS for a period of six months. Failure to meet these jurisdictional requirements leaves this court without subject matter jurisdiction to hear this claim. See Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985).

Further, regarding any individual claim plaintiff may have as to excess AMT payments he made in tax year 2002, the court notes that plaintiff has already filed an action for this claim.

2 - ORDER

1  That action is currently pending before this court.  See Moss v.
2  Internal Revenue Service, Civ. No. 04-1803-AS (filed on December
3  10, 2004).  Therefore, any individual claim for refund for tax
4  year 2002 will be adjudicated before Judge Ashmanskas in the
5  above referenced case.
6      Defendant's motion to dismiss based on lack of subject
7  matter jurisdiction (doc. 6) is granted.  All pending motions are
8  denied and this case is dismissed.
9  IT IS SO ORDERED.
10     Dated this  20   day of September 2005.

                                    /s/ Ann Aiken
                                     Ann Aiken
                           United States District Judge

3 - ORDER